825 So.2d 1078 (2002)
James Francis MULLEN, Appellant,
v.
Michelle Beven MULLEN, Appellee.
No. 4D01-1920.
District Court of Appeal of Florida, Fourth District.
September 18, 2002.
Albert S. Lagano, Melbourne, for appellant.
No appearance for appellee.
FARMER, J.
In this dissolution of marriage case, we reverse one aspect of the final judgment. In distributing marital property, the trial court sought to fix the value of the wife's 401(k)/IRA plan.[1] The wife testified that the plan had a value of $4,132 in 1990 when the parties married. She was also asked if she had any documents showing the value when she married and she responded:
"[o]n the date we were married, no, because I still worked for the company up until 1995, and that's when it was actually put in an IRA and rolled over, but I do have the paperwork from them showing that it was only 14,000 at that time."
In the final judgment, the court found that "the only evidence before the Court concerning the value of the Wife's IRA prior *1079 to the marriage is unrebutted and the only value presented in evidence was $14,000. The marital portion of the IRA is therefore, $13,448."
Though a trial court has broad discretion in valuing a retirement account, the trial court "must arrive at an appropriate figure without merely resorting to an estimation." Moon v. Moon, 594 So.2d 819, 822 (Fla. 1st DCA 1992). Property valuation which is not supported by competent, substantial evidence cannot stand. Noone v. Noone, 727 So.2d 972, 974 (Fla. 5th DCA 1999). It is apparent that the trial court misunderstood her testimony. She testified that the value was $14,000 in 1995, not that it was $14,000 when they were married in 1990. We therefore reverse for the trial court to correct its finding as to the value of the plan.
At the same time, the wife also testified that the plan was liquidated before the filing of the divorce. She testified that there is a tax and a penalty on such a liquidation. It will therefore be necessary for the court also to ascertain the tax consequences in arriving at the value of the plan. See Nicewonder v. Nicewonder, 602 So.2d 1354 (Fla. 1st DCA 1992) ("A trial court is required to consider the consequences of income tax laws on the distribution of marital assets and alimony ordered by it, and failure to do so is ordinarily reversible error."); Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990) (tax consequences should have been considered).
In all other respects the final judgment is affirmed.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] See 61.075(6), Fla. Stat. (2001) ("the cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage."). There was no agreement between the parties fixing any earlier date.