PER CURIAM.
Todd W. Stephens (the former husband) appeals and Janeen J. Stephens (the former wife) cross-appeals a final judgment of dissolution raising seven issues. We address only the trial court’s valuation of certain real property and determination of the amount of child support. We affirm all remaining issues raised on appeal and cross-appeal without further discussion. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
In the final judgment under review, the trial court determined the value to be given to a parcel of real property purchased by the parties during their marriage and subject to equitable dissolution. An expert retained by the former wife testified that this undeveloped lot located in Alachua County, which the parties have referred to as the “Wyngate lot,” had a fair market value of $218,000. The trial court, however, rejected this valuation, finding that the methodology employed by the expert was questionable because the expert established a value for the Wyngate lot based upon comparison with other lots of much larger size. Our review of the record reveals that the expert established a value for the Wyngate lot by using sales prices of undeveloped properties of far greater size without making an adjustment in the value of the Wyngate lot to reflect the price per acre paid for the lots. We therefore find no basis for disturbing the court’s rejection of this valuation.
In rejecting the expert’s valuation, however, the trial court erroneously found that the Wyngate lot had a value of $150,000 based on the opinion of the former husband. The record reflects that the former husband testified below that the Wyngate lot had a value of $120,000. We have been directed to no evidence in the record which would support a finding that the property is worth $150,000. Because the trial court’s valuation of the Wyngate property is not based on competent and substantial evidence, we reverse this finding and remand for entry of a valuation based on evidence of record. See Mullen v. Mullen, 825 So.2d 1078 (Fla. 4th DCA 2002)(“Prop-erty valuation which is not supported by competent, substantial evidence cannot stand.”); Noone v. Noone, 727 So.2d 972, 974 (Fla. 5th DCA 1999).
Further, we are unable to determine from the final judgment of dissolution how the trial court reached the figure of $1,803 per month as the amount of child support owed by the former husband. Accordingly, we cannot determine whether the trial court properly applied the child support guidelines in section 61.30, Florida Statutes (2005). Thus, the cause is remanded so that the trial court may set forth in more detail the bases for the amount awarded. On remand, the trial court has the discretion to modify the amount of child support ordered should it be determined that the prior award was erroneous or is no longer appropriate given the temporary child visitation schedule established in the final judgment, a schedule which the court clearly intended to be *390 an interim arrangement. See Smith v. Smith, 912 So.2d 702 (Fla. 2d DCA 2005) (remanding a child support award for further findings because neither the final judgment nor the record on appeal disclosed with any meaningful specificity the manner in which the trial court calculated the husband’s child support obligation).
AFFIRMED in part, REVERSED in part and REMANDED.
WEBSTER, VAN NORTWICK, AND PADOVANO, JJ., concur.