975 So.2d 628 (2008)
Patricia E. BARDOWELL, Appellant,
v.
Philip E. BARDOWELL, Appellee.
No. 4D06-972.
District Court of Appeal of Florida, Fourth District.
March 5, 2008.
*629 Patricia E. Bardowell, Plantation, pro se.
Philip Michael Cullen, III, Fort Lauderdale, for appellee.
BELANGER, ROBERT E., Associate Judge.
The wife, Patricia Bardowell, timely appeals a final judgment of dissolution of marriage. Of the several points the wife has raised on appeal only one  relative to the valuation and award of the husband's pension  has merit.
"The standard of review of a trial court's determination of equitable distribution is abuse of discretion." Kovalchick v. Kovalchick, 841 So.2d 669, 670 (Fla. 4th DCA 2003). Distribution of marital assets and liabilities must be supported by factual findings in the judgment or order based on competent substantial evidence. § 61.075(3), Fla. Stat.
We find that the trial court abused its discretion in failing to award the wife any portion of the husband's pension under the Florida Retirement System ("FRS"). "A spouse's entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably distributing marital property." Diffenderfer v. Diffenderfer, 491 So.2d 265, 270 (Fla.1986). While courts have applied several means for valuing potential future rights, "[t]he most preferable approach involves a reduction to present value factoring in the contingencies of vesting, maturity, and the pensioner's mortality." Id. at 269. However, the court cautioned: "No recitation of formulae, considered in the abstract, could capture the variety of considerations necessary in order to do equity. While reduction to present value may often best ensure an equitable distribution of property, we cannot say it would do so in every case." Id.
Here, the trial court's conclusion that the FRS pension was of "nominal" value was clearly erroneous. "Property valuation which is not supported by competent, substantial evidence cannot stand." Mullen v. Mullen, 825 So.2d 1078, 1079 (Fla. 4th DCA 2002).
At trial, the wife submitted evidence of a "retirement forecast" document prepared by the FRS, which stated that, as of December 2004, the husband's current FRS balance was worth $17,438. The document noted that the current FRS balance "is the present value of your accrued FRS benefit given current years of service." The FRS documentation provided competent evidence that the present value of the husband's FRS pension was approximately $17,438 as of December 2004. This is not a nominal value. While the trial court would have been within its discretion to *630 value the pension at an amount lower than $17,438 to account for the fact that the pension was not yet vested, the trial court was not free to ascribe a nominal value to the FRS pension. The trial court's decision to assign a nominal value to the FRS pension was not reasonable or equitable.
The wife also argues that the trial court erred in awarding only $1000 per month in permanent alimony. An award of alimony is reviewed for an abuse of discretion. Ondrejack v. Ondrejack, 839 So.2d 867, 870 (Fla. 4th DCA 2003). In crafting an award of alimony, the trial judge should ensure that, viewing the totality of the circumstances, one party is not "shortchanged." Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980). Here, while the amount of alimony may seem objectively low, we do not find that the court abused its discretion in determining the alimony award.
We have considered the other issues raised and find that they are without merit. The final judgment is reversed and the case is remanded for further proceedings.
SHAHOOD, C.J., and STEVENSON, J., concur.