989 So.2d 763 (2008)
B. BROWN, Appellant,
v.
L. BROWN, Appellee.
No. 4D07-2770.
District Court of Appeal of Florida, Fourth District.
September 17, 2008.
*764 Jane Kreusler-Walsh of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Michael P. Walsh of Michael P. Walsh, P.A., West Palm Beach, and A.J. Barranco, Raymond J. Rafool and Marianne Kircher of Barranco & Kircher, P.A., Miami, for appellant.
Neil B. Jagolinzer of Christiansen & Jacknin, Lawyers, West Palm Beach, for appellee.
PER CURIAM.
We reverse the final judgment of dissolution of marriage and remand to the circuit court for a new hearing on the issue of the valuation of the stock in Brown Distributing Company, Inc. The circuit court rejected the testimony of the parties' experts and came up with its own methodology to value the stock. The trial court's valuation is inconsistent with the trial court's own findings and has no basis in the evidence. See generally Mullen v. Mullen, 825 So.2d 1078, 1079 (Fla. 4th DCA 2002) (quoting Moon v. Moon, 594 So.2d 819, 822 (Fla. 1st DCA 1992)) ("[although a] trial court has broad discretion in valuing [marital assets], the trial court must arrive at an appropriate figure without merely resorting to an estimation."). The former husband has made a yeoman's effort to support the trial court's finding, with a convoluted methodology relying on figures expressly rejected by the trial court. Along with revaluing the stock, and reconsidering equitable distribution, the trial court may reconsider its alimony award. We find no error with respect to the third point raised on appeal.
Reversed and remanded.
SHAHOOD, C.J., GROSS, J., and TUNIS, DAVA, Associate Judge, concur.