ORFINGER, J.
 

 Joaquin L. Nunez, the former husband, appeals from a final judgment dissolving his marriage to Lourdes Nunez, the former wife. The former husband contends that the trial court erred in determining
 
 *1192
 
 the value of his fifty-one percent interest in Advanced Technology Lubricants (ATL), a closely-held corporation, determining the amount of permanent alimony awarded to the former wife, and awarding attorney’s fees to the former wife. We agree that the trial court erred in its valuation of the former husband’s interest in ATL and reverse the final judgment to allow the court to rework its equitable distribution plan. In all other respects, we affirm the trial court’s decision without further discussion.
 

 The former husband owns fifty-one percent of the outstanding shares of ATL, established in 2003 to develop and sell specialty lubricants. The lubricant technology is owned by the minority shareholder, not the corporation. Historically, ATL’s gross revenues have ranged between $300,000 and $400,000 and it has never shown a profit. The former husband’s business evaluation expert testified that ATL had no marketable value. The only other evidence concerning ATL’s value was that two unsolicited inquiries had been made by third parties expressing an interest in purchasing ATL. One inquiry apparently led to a letter of intent proposing a $3,000,000 purchase price, but by the time of trial, both interested parties were defunct and all interest in purchasing ATL had evaporated. On this evidence, the trial court found that the former husband’s fifty-one percent interest in ATL was worth $1,530,000 and distributed the ATL stock to him as part of the distribution of the parties’ assets and liabilities. The ATL stock comprised approximately ninety-three percent of the former husband’s equitable distribution.
 

 The parties do not dispute that the ATL stock is a marital asset subject to equitable distribution. Neither do the parties dispute that the trial court’s valuation of the ATL stock must be supported by competent substantial evidence.
 
 Mullen v. Mullen,
 
 825 So.2d 1078 (Fla. 4th DCA 2002). Absent such evidence, the trial court’s valuation constitutes an abuse of discretion.
 
 Polley v. Polley,
 
 588 So.2d 638 (Fla. 3d DCA 1991). “Competent” evidence refers not to the quality of the evidence but rather to its admissibility. “Substantial” evidence means that there must “be some (more than a mere iota or scintilla), real, material, pertinent, and relevant evidence (as distinguished from ethereal, metaphysical, speculative or merely theoretical evidence or hypothetical possibilities) having definite probative value.... ”
 
 Lonergan v. Estate of Budahazi,
 
 669 So.2d 1062, 1064 (Fla. 5th DCA 1996) (quoting
 
 Dunn v. State,
 
 454 So.2d 641, 649 n. 11 (Fla. 5th DCA 1984) (Cowart, J., concurring)). We conclude that the value placed on ATL by the trial court is not supported by competent substantial evidence. We do not dispute that the trial court, as the finder of fact, was free to accept or reject the testimony of the business valuation expert offered by the former husband.
 
 Tolley v. Dep’t of Health & Rehabilitative Servs.,
 
 667 So.2d 480 (Fla. 5th DCA 1996);
 
 see Demps v. State,
 
 462 So.2d 1074 (Fla.1984). However, the letter of intent submitted by a defunct company, without any evidence to suggest that the interested party had performed any due diligence, entered into a binding contract or had the financial wherewithal to purchase ATL for $3,000,000 falls far short of competent substantial evidence.
 

 Clearly, the trial court placed little weight on the expert’s testimony. And, the former wife offered no substantive evidence demonstrating ATL’s value. Given the paucity of evidence, the trial court was left to guess as to ATL’s value. Given the speculative value of the ATL stock, we conclude that the trial court’s only
 
 appropriate
 
 option was to assign one-half of the
 
 *1193
 
 former husband’s stock to each of the parties.
 

 Because the ATL stock comprised almost all of the former husband’s equitable distribution, we remand this matter to the trial court to revisit the equitable distribution plan: In all other respects, the final judgment is affirmed.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 SAWAYA and TORPY, JJ., concur.