PER CURIAM.
Charles Sotis (“Husband”) appeals the Final Judgment of Dissolution of Marriage and the related Order on Equitable Distribution and Other Requested Relief rendered by the trial court. Husband raises the following issues: (1) the trial court erred by finding that Diane Sotis’s (“Wife”) marital retirement accounts were minimal in value and by failing to include them in equitable distribution; (2) the trial court erred in failing to identify and set apart Husband’s premarital personal property as non-marital property and by awarding said property to Wife; and (3) the trial court erred in failing to consider whether a gift was intended by Husband to Wife in the Crystal River property and by not awarding an inequitable distribution of marital assets and liabilities. Wife filed a cross-appeal contending that the trial court erred when it awarded an unequal distribution of assets.
We affirm as to all issues except the first. Regarding Wife’s retirement accounts, one is a State of Florida Retirement System account and the other two are BENCOR retirement accounts. Wife concedes that the trial court erred in failing to include in the equitable distribution amount the State of Florida retirement account. We believe that all three accounts should have been included in the equitable distribution amount. See Bardowell v. Bardowell, 975 So.2d 628 (Fla. 4th DCA 2008). Accordingly, we reverse as to the first issue and remand for further proceedings to determine the value of these accounts, include them in the equitable distribution calculation, and adjust the equitable distribution amount accordingly.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA, COHEN and BERGER, JJ., concur.