IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ARVITA M. COLEMAN,

        Appellant,

v.

MICHAEL BLAND,

        Appellee.

Case No. 5D14-3779

_____/

Opinion filed March 4, 2016

Appeal from the Circuit Court
for Orange County,
Sally D.M. Kest, Judge.

Carlton Pierce, of Carlton Pierce, P.A.,
West Palm Beach, for Appellant.

Michael B. Jones, of The Wheelock Law
Firm, LLC, Orlando for Appellee.


PALMER, J.

      Arvita M. Coleman, the former wife, appeals the trial court's order entered on September 22, 2014, upon remand from this court. Determining that the trial court erred in ruling that the value of the marital portion of the former husband's pension plan was de minimis, we reverse.

      Michael Bland, the former husband, worked for the Yonkers School Board of Education for approximately 31 years. After 49 weeks of marriage to the former wife, the

former husband retired from this position. After a 39-month marriage, the former husband filed a petition seeking dissolution of the parties' marriage. The trial court dissolved the parties' marriage and equitably distributed the marital property. The former wife appealed. We affirmed the dissolution judgment, in all respects except one. We held:

> Arvita M. Coleman ["Former Wife"] appeals the final judgment dissolving her marriage to Michael Bland ["Former Husband"]. We find no reversible error in any of the issues raised on appeal, save one. Among the issues in dispute between these parties was the question whether any part of Former Husband's pension was a marital asset. The trial court made no finding in the final judgment concerning whether this asset was marital or non-marital, as required by section 61.075(3), Florida Statutes (2009). Former Wife contends on appeal that the lack of findings constitutes reversible error as to this and other assets; however, as to all except the pension, we find, after our review of the record, that any error was harmless. We are unable to make an adequate review of the pension issue without findings, however. The record seems to show that some portion of the pension, although small, was earned during the marriage and should be classified as a marital asset. We therefore reverse as to that issue only and remand for the trial court to hear and to make proper findings on the disposition of the Former Husband's pension.

Coleman v. Bland, 73 So. 3d 795, 795-96 (Fla. 5th DCA 2011).

On remand, the trial court conducted a hearing which addressed the former husband's pension. The trial court applied the following methodology to determine the marital portion of the pension:

> 31 years times 52 weeks . . . [equals] 1,612 weeks of which 49 were during the marriage. So . . . 49 divided by one – [1]612 is three percent which would be the marital portion and divided in half would equal 1.5 percent. [1.5% multiplied by $5,900 [the amount received monthly] equals $88.50]. But three percent is the marital portion.

At the close of the hearing, the trial court stated:

> The Court finds that given all of the circumstances of the case including the fact that the wife received a car which was purchased with the husband's non-marital funds and was supported for three years, in fact almost longer than the term of the marriage, in the home after the filing of

2

the petition as well as other items that the d[e] minimus amount of the retirement account that would be marital, that it is a d[e] minimus amount and that the Court will find that at this time it's not an equitable distribution given all the circumstances particularly those presented today concerning the support provided by the husband for three years following the filing of the petition and is sufficient that the Court will find that the amount of the marital portion of the husband's retirement should remain his sole -- to be his sole property.

In a written order, the trial court awarded the former wife no portion of the former husband's pension. The former wife appeals.

"The standard of review of a trial court's determination of equitable distribution is abuse of discretion. Distribution of marital assets and liabilities must be supported by factual findings in the judgment or order based on competent substantial evidence." Bardowell v. Bardowell, 975 So. 2d 628, 629 (Fla. 4th DCA 2008) (citations omitted) (internal quotation marks omitted). Also, "the trial court's valuation and distribution of the marital assets" is reviewed for abuse of discretion. Claughton v. Claughton, 625 So. 2d 853, 855 (Fla. 3d DCA 1993).

The former wife contends that the trial court erred in its de minimis valuation, arguing that

the transcript reveals that the trial court's calculation of [her] share was $89.67 per month based on [the former husband's] receiving $5,900 per month in pension times 1.5%. The $89.67 might be de minimis to [the former husband]; however, it is clearly not de minimis to [her] as it would increase her $331 per month income by 27.1%.

We agree.

In Bardowell, the court observed:

At trial, the wife submitted evidence of a "retirement forecast" document prepared by the FRS, which stated that, as of December 2004, the husband's current FRS balance was worth $17,438. The document noted that the current FRS balance "is the present value of your accrued FRS benefit given current years of service." The FRS documentation provided competent evidence that the present value of the husband's FRS pension

was approximately $17,438 as of December 2004. This is not a nominal value. While the trial court would have been within its discretion to value the pension at an amount lower than $17,438 to account for the fact that the pension was not yet vested, the trial court was not free to ascribe a nominal value to the FRS pension. The trial court's decision to assign a nominal value to the FRS pension was not reasonable or equitable.

475 So. 2d at 629-30. See also Locke v. Locke, 832 So. 2d 971, 972 (Fla. 2d DCA 2002) ("We find that a difference of several thousand dollars should not have been dismissed [as de minimis] without a more precise inquiry.").

Here, as in Bardowell, some portion of the pension was earned during the course of the parties' marriage. Over the course of ten years, the payout of the marital portion of this pension would be roughly $21,600. Thus, the trial court erred when it determined that the marital portion of the pension was of de minimis value.

Accordingly, we reverse the order entered on September 22, 2014, and remand for the trial court to reconsider the proper disposition of the marital portion of the pension.

AFFIRMED in part; REVERSED in part; and REMANDED.

LAWSON, C.J. and EVANDER, JJ., concur.

4