KLINGENSMITH, J.
In this appeal and cross-appeal, Charles 0. Buckalew (“appellant”) challenges both the trial court’s final judgment of dissolution of marriage as well as its final order denying his and Marina Buckalew’s (“ap-pellee”) objections to the final judgment. Appellee raises her own issues with these decisions. We write only to address the trial court’s equitable distribution of the marital assets and liabilities, and reverse and remand in light of the court’s failure to make required findings of fact in the final judgment.
“The standard of review of a trial court’s determination of equitable distribution is abuse of discretion.' Distribution of marital assets and liabilities must be supported by factual findings in the judgment or order based on .competent substantial evidence.” Bardowell v. Bardowell, 975 So.2d 628, 629 (Fla. 4th DCA 2008) (citations omitted).
Appellant argues that the trial court abused its discretion by adopting the magistrate’s written findings of fact, which failed to identify the marital or non-marital status of each asset and liability, and by failing to ascribe a value for those assets and liabilities included in-the equitable distribution scheme, as required by section 61.075(1) and (3), Florida Statutes (2014). On those two points, we agree.
Section 61.075(1) states, in pertinent part:
(1) In á proceeding for dissolution of marriage, in addition to all other remedies available to a court to do equity between the parties ... the court shall set apart to each spouse that spouse’s nonmarital assets and liabilities, and in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should.be equal, unless there is a justification for an unequal distribution based on all relevant factors....
§ 61.075(1), Fla. Stat. (2014).
This provision goes on to list ten factors the trial court should consider in determining equitable ' distribution. Id. § 61;075(l)(a)-(j). Section 61.075(3) states:
(3) In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital asset's or marital liabilities shall be supported by factual findings in the judgment or order based' on competent substantial evidence with reference to the factors enumerated in subsection (1). The distribution of all marital assets and marital liabilities, whether equal.or unequal, shall include specific written findings of fact as to the following:
■ (a) Clear identification of nonmarital assets and ownership interests;
(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
(c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
(d) Any other findings necessary to - advise the parties or the reviewing court of the trial court’s rationale for .the distribution of marital assets and allocation of liabilities.
Id. § 61.075(3) (emphasis added).
As we have stated in the past, when:
there is no stipulation between parties, “[t]he distribution of all marital assets *150 and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to” the ownership interests of nonmarital property, value of marital property and to which spouse it is designated, designation of identified marital liabilities, and all other relevant findings.
Vitro v. Vitro, 122 So.3d 382, 386 (Fla. 4th DCA 2012) (alteration in original) (quoting § 61.075(3)(a)-(d)).
In this case, the trial court made three errors relating to its equitable distribution of the parties’ assets. First, it failed to clearly identify any of the assets and liabilities in the equitable distribution scheme as marital or non-marital, with the exception of one real estate parcel (referred to by the parties as the Oregon Street property). Second, it failed to ascribe a value to two other real estate parcels (referred to as the South Ocean Drive property and the Investment property). Third, there is no competent substantial evidence in the record to corroborate the trial court’s valuation of the Oregon Street property, the parties’ credit card debt, and appellee’s student loan debt.[1] As a result of these deficiencies, the court’s equitable distribution scheme was an abuse of discretion. Bardowell, 975 So.2d at 629.
We reverse and remand the final judgment in this case for reconsideration of the parties’ equitable distribution of assets. We decline to address the issues raised by appellee (specifically the propriety of the trial court’s orders on alimony and attorney’s fees) because correcting the valuation of the assets and liabilities and their allocation between the parties will also require the trial court to re-examine those issues to avoid an inequitable diminution of each party’s share of the equitable distribution. See Roth v. Cortina, 59 So.3d 163, 165 (Fla. 3d DCA 2011) (“As this court and Florida Statute section 61.075(9) make clear, a ‘trial court is first to do the equitable distribution of assets, and once the assets have been equitably distributed, make a determination whether alimony should be awarded.’” (alteration in original) (quoting Acker v. Acker, 821 So.2d 1088, 1092 (Fla. 3d DCA 2002))); see also Conlan v. Conlan, 43 So.3d 931, 933-34 (Fla. 4th DCA 2010) (stating that attorney’s fees in a dissolution of marriage action should be awarded based on .need and ability to pay, and noting that “[i]t is appropriate for a court to award attorney’s fees to avoid an inequitable diminution of the spouse’s share of the equitable distribution”).

Reversed and Remanded.

CIKLIN, C.J., and TAYLOR, J., concur.

. In other words, it is not clear from the record how the trial court arrived at its approximate values for these assets and liabilities.