# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2072
Lower Tribunal No. 20-18449
_____


**Daniela Dalmazzo,**
Appellant,

vs.

**Enzo Dalmazzo,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Maria Espinosa Dennis, Judge.

Filler Rodriguez LLP, and Catherine M. Rodriguez, for appellant.

Orshan, Spann & Fernandez-Mesa, and Steven P. Spann, for appellee.


Before SCALES, GORDO and BOKOR, JJ.

PER CURIAM.

In this marriage dissolution action between appellant Daniela Dalmazzo ("Wife") and appellee Denzo Dalmazzo ("Husband"), Wife appeals several aspects of the trial court's November 3, 2022 final judgment of dissolution of marriage. We affirm in part and reverse in part.

The parties' prenuptial agreement provided multiple options for the parties, upon dissolution of their marriage, to dispose of jointly owned marital property, including the parties' marital home. The challenged final judgment found that Husband had timely exercised the agreement's option allowing Husband to purchase Wife's interest in the home at a fair market value to be determined by an appraiser. The prenuptial agreement is clear and unambiguous, though, that, to invoke this option, Husband was required to give written notice to Wife no later than the sooner of (i) thirty days before the scheduled commencement of mediation, or (ii) forty-five days after Husband became aware of the dissolution proceeding.

The trial court's finding that Husband timely exercised this option is not supported by competent, substantial evidence; therefore, we reverse that portion of the final judgment making this determination,[1] and remand for

---

[1] Pardes v. Pardes, 335 So. 3d 1241, 1244 (Fla. 3d DCA 2021) (observing that a trial court's factual findings made with respect to the application of a prenuptial agreement are reviewed for competent, substantial evidence); Bardowell v. Bardowell, 975 So. 2d 628, 629 (Fla. 4th DCA 2008) ("Distribution of marital assets and liabilities must be supported by factual

further proceedings consistent with this opinion.[2] We otherwise affirm the final judgment.

Affirmed in part; reversed in part and remanded with instructions.

---

findings in the judgment or order based on competent substantial evidence.").

[2] Our reversal on this point renders moot Wife's argument that the final judgment is flawed because it failed to attach "Exhibit C" that is referenced in the final judgment.