997 So.2d 1288 (2009)
Patrick ROLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2965.
District Court of Appeal of Florida, Fourth District.
January 14, 2009.
Patrick Rollins, Moore Haven, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant, Patrick Rollins, appeals from the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850 in which he alleges that his counsel was ineffective for failing to investigate and depose three witnesses who would testify that he did not commit the crimes of which he was convicted.
Appellant has failed to state a sufficient claim in his motion. A claim for ineffective assistance of counsel for failing to investigate and call witnesses at trial is sufficient if it "allege[s] the identity of the witnesses, their testimony, that the witnesses *1289 were available to testify at the trial, and how this lack of testimony prejudiced the outcome of the verdict." Badger v. State, 933 So.2d 729 (Fla. 4th DCA 2006) (citing Nelson v. State, 875 So.2d 579 (Fla. 2004)). Appellant alleges only the first name of one of the witnesses and no addresses or locations for any of the witnesses. He also does not specifically assert that each of them was available for trial.
The trial court's decision below relied upon the state's response to appellant's motion which asserted that appellant's claim, if sufficient, was refuted by the record. The state refers to appellant's negative response during his trial to the trial court's question concerning whether he would be calling any witnesses in his defense.
In Law v. State, 847 So.2d 599 (Fla. 5th DCA 2003), Law filed a rule 3.850 motion alleging his counsel was ineffective for failing to interview or call two alibi witnesses to testify on his behalf and support his defense of misidentification. The trial court denied the motion. It noted that when Law was questioned by the court on his decision not to testify, "Law indicated that the court should let defense counsel do his job and that he felt counsel was representing him `in the best way he can.'" Id. at 600. The trial court concluded that Law could have complained about the witnesses at that time but did not. On appeal, the district court held:
We conclude that Law's comments do not conclusively refute this ineffective assistance claim. First, the comments that the trial court pointed out pertained to Law's decision not to testify rather than his right to call witnesses. In addition, Law's statement indicating satisfaction, made after the state had rested, may have been made based on his belief that it was too late to call witnesses.
Id.
In the instant case, we conclude that appellant's agreement that he would not be calling any witnesses does not conclusively refute an ineffective assistance claim for failure to investigate because he may have believed it was too late to call his witnesses.
Although the claim is insufficient, we nevertheless reverse the denial with prejudice, and remand so that the trial court can allow appellant to file a facially sufficient amended motion on his claim, if he can in good faith, within thirty (30) days of this court's mandate. Spera v. State, 971 So.2d 754 (Fla.2007); Reed v. State, 989 So.2d 721 (Fla. 4th DCA 2008).
Reversed and Remanded.
TAYLOR, HAZOURI and MAY, JJ., concur.