PER CURIAM.
 

 We affirm the trial court’s denial of appellant’s postconviction motion.
 
 See
 
 Fla. R.Crim. P. 3.850. The sole issue raised by appellant in this appeal is without merit. Although he argues that he should have been permitted an opportunity to amend his claim that counsel was ineffective in his handling of a sleeping juror,
 
 [1]
 
 the record conclusively refutes the allegations of ineffectiveness. Upon being informed of the drowsy juror, counsel immediately brought the matter to the trial court’s attention. The judge, who had seen the juror resting his head against the wall but not sleeping, agreed to keep an eye on the juror to ensure he did not doze off. Counsel did not perform deficiently. Summary denial was proper.
 

 After holding an evidentiary hearing, the trial court denied appellant’s other postconviction claims in a thoroughly-detailed order. Appellant has not raised any error in the denial of these issues in his brief, and they are waived.
 
 Share v. State,
 
 742 So.2d 215, 217 n. 6 (Fla.1999);
 
 see Hammond v. State,
 
 34 So.3d 58 (Fla. 4th DCA 2010).
 
 But see Walton v. State,
 
 — So.3d —, 35 Fla. L. Weekly D856 (Fla. 2d DCA Apr. 16, 2010) (disagreeing that a pro se appellant in an appeal from the denial of a postconviction motion in a non-capital case waives issues by not presenting argument in a pro se initial brief).
 

 The
 
 Walton
 
 court believes that the Florida Supreme Court’s holding that issues not argued in briefs are waived applies only to death penalty postconviction proceedings where the appellant is represented by appointed counsel; not to a pro se appellant in non-capital postconviction proceedings. We disagree. We also find it ironic that the
 
 Walton
 
 opinion suggests less protection for those sentenced to death than for non-capital postconviction litigants. We understand that pro se pleadings must be interpreted liberally, and that pro se postconviction litigants cannot be held to the same standards as attorneys. We do not believe, however, that requiring a pro se postconviction litigant to demonstrate error on appeal is an unfair burden.
 

 Postconviction movants in non-capital cases are generally not entitled to appointed counsel. These pro se, often prisoner, litigants are required to meet the pleading standards of the rules and bear the burden of demonstrating a basis for postconviction relief in the proceedings at the trial court level.
 
 Faxetta, v. California,
 
 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (“The right of self-representation .... is [not] a license not to comply with relevant rules of procedural and substantive law.”). Trial court rulings, like convictions and sentences, are generally presumed correct. These bedrock legal principles should not change when a pro se litigant appeals the denial of a postconviction motion.
 

 
 *13
 
 In appeals from the summary denial of Rule 3.850 motions, the rules do not require briefs. Fla. R.App. P. 9.141(b)(2)(C) (“No briefs or oral argument shall be required ... ”). When the pro se appellant opts to file a brief, we believe that, as in all appeals, the burden rests on the appellant to demonstrate reversible error. An appellant who presents no argument as to why a trial court’s ruling is incorrect on an issue has abandoned the issue — essentially conceding that denial was correct.
 

 The
 
 Walton
 
 approach requires
 
 Anders
 

 [2]
 

 -
 
 like review of all postconviction claims raised below, even when the movant files a brief and presents no argument on appeal as to why denial of some claims is error. As the appellate rules are currently drafted, because briefs are not required in appeals of summarily-denied Rule 3.850 motions, if no brief is filed, the appellate court must review the complete postconviction record, much like
 
 Anders
 
 review, to determine whether there is any reversible error. Courts may be needlessly reviewing many claims which the appellant no longer disputes, especially if the trial court has adequately explained the reason for denial. This anomaly should be corrected, and the appellate rules amended to permit a reviewing court to require the postconviction appellant to submit a brief. Rule 9.141(b)(2)(C) should be amended to add the following underlined language: “No briefs or oral argument shall be required
 
 unless ordered by the revietving court.
 

 The Anders-like review results from language in Rule 9.141(b)(2)(D) which provides: “[UJnless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.” We understand this language to set forth the standard of review and not to create a presumption in favor of reversible error. Like any other appellant, a pro se postcon-viction litigant should bear the burden of showing that the claim is legally sufficient and not refuted by the trial court’s order and attachments. In no other context is a pro se litigant afforded a presumption of reversible error and excused from having to demonstrate reversible error on appeal.
 

 This case is a good example of why failure to present argument abandons a claim. In this case, the trial court held an evidentiary hearing and entered a detailed order making factual findings and legal conclusions.
 
 [3]
 
 Prince has not presented any argument, and it is unlikely he can do so, to show the court’s ruling is incorrect or that reversal of these claims is required.
 

 The facts of
 
 Walton
 
 exemplify why an Anders-style approach to review of summarily denied postconviction motions is unworkable and magnifies the burdens that often abusive postconviction litigation places on the legal system. Walton, a pro se prisoner litigant, filed an amended post-conviction motion raising twenty-four claims. A number of those claims were
 
 *14
 
 conclusory and were summarily denied.
 
 [4]
 
 Although Walton’s initial brief had not taken issue with any of these summarily denied claims, and although Walton had not argued that he could state a sufficient claim as to any of those grounds, the appellate court reversed the denial of these claims and required that Walton be given a chance to amend, relief that even Walton had not requested.
 

 We affirm for the reasons discussed above and certify our conflict with
 
 Walton.
 

 Affirmed.
 

 POLEN, HAZOURI and DAMOORGIAN, JJ., concur.
 

 [1]
 

 .
 
 See Spera
 
 v.
 
 State,
 
 971 So.2d 754 (Fla.2007).
 

 [2]
 

 . Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 
 Anders
 
 review is required to preserve a criminal defendant's Sixth Amendment right to appointed counsel on direct appeal of a conviction and sentence. A postconviction movant has no Sixth Amendment or statutory right to appointed counsel.
 
 Mann
 
 v.
 
 State,
 
 937 So.2d 722, 726-27 (Fla. 3d DCA 2006).
 

 [3]
 

 . Although we hold that the unargued issues are waived, we have reviewed the transcript of the evidentiary hearing, and Prince’s claims. The trial court’s factual findings and credibility determinations are supported by competent substantial evidence. The court's legal conclusions are eminently correct.
 

 [4]
 

 . We continue to conflict with
 
 Walton
 
 which holds that
 
 Spera
 
 requires an opportunity to amend conclusory claims. We have held to the contrary.
 
 Mancino v. State,
 
 10 So.3d 1203, 1204 (Fla. 4th DCA 2009) ("We acknowledge that
 
 Spera
 
 does not give postcon-viction movants an opportunity to amend con-clusory claims.”). As discussed in
 
 Oquendo v. State,
 
 2 So.3d 1001, 1004 (Fla. 4th DCA 2008), postconviction movants have the burden of pleading a sufficient claim for relief and a prima facie case for an evidentiary hearing. Conclusory allegations are not sufficient. The Florida Supreme Court has upheld this well-settled and important legal principle in
 
 post-Spera
 
 death penalty postcon-viction proceedings and has not required that the movant, who is facing a death sentence, be given an opportunity to amend the conclu-sory claim.
 
 Morgan v. State,
 
 991 So.2d 835, 841 (Fla.2008);
 
 Doorbal v. State,
 
 983 So.2d 464, 482-84 (Fla.2008). The fact that death penalty movants are represented by counsel should not change the analysis. One facing death has a great deal more at stake and should receive greater procedural protections, not less. We see no logical reason why a capital postconviction movant would not be afforded an opportunity to amend a concluso-ry claim but a non-capital movant would.