WARNER, J.
We affirm the denial of appellant’s motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We address one issue, namely his claim that counsel was ineffective for failing to call a specific witness at trial who was available to testify and would refute the testimony of the co-defendant’s statements regarding appellant’s involvement in the crime. In his motion, appellant claims that he told his attorney of this witness but the attorney refused to call him. He claims he is entitled to an evidentiary hearing on this issue. We disagree because, as the state notes, the claim is conclusively refuted by the record.
At trial after the state rested its case, the trial court questioned appellant at length about his decision not to call witnesses. The court told him that he had the right to call witnesses and asked whether he had discussed the tactical advantages to calling or not calling witnesses with his attorney. Appellant stated that he had discussed it with his attorney. The court specifically asked whether he had been coerced or promised any result by not calling witnesses, to which appellant responded no. He admitted to the court that his determination not to call witnesses was of his own free will, and he was satisfied with his attorney’s representation.
Because his sworn motion indicates that he was aware of the witness and that witness’s testimony prior to trial, the colloquy to the court conclusively refutes his claim that his attorney failed to call a known witness against the appellant’s wishes. He is bound by his answers to the court. See Terrell v. State, 9 So.3d 1284, 1288-89 (Fla. 4th DCA 2009) (defendant was bound by his answers to the court’s colloquy that he did not want to call any witnesses, defeating his claim that his counsel failed to investigate and call a witness known to the defendant prior to trial).
Rollins v. State, 997 So.2d 1288 (Fla. 4th DCA 2009), relied upon by appellant, is distinguishable. There, we held that the defendant’s answers to the trial court’s question as to whether he would be calling any witnesses did not conclusively refute the allegations in his postconviction motion that counsel failed to investigate and depose three witnesses who would testify that the defendant did not commit the charged crimes. While the colloquy is not set forth in the opinion, our reliance on Law v. State, 847 So.2d 599 (Fla. 5th DCA 2003), suggests that the trial court questioned Rollins on his right to testify and not on his right to call witnesses. We found that the court may have left Rollins with the impression that it was too late to call witnesses. Rollins, 997 So.2d at 1289. Here, there is no such ambiguity. The *642 trial court questioned appellant both on his decision not to testify and again on his decision not to call witnesses. The court clearly told the appellant he had the right to call witnesses on his behalf. Appellant could not have been confused about his right to call witnesses. He simply elected not to present them.
We affirm all remaining issues on appeal.
POLEN and GROSS, JJ., concur.