WETHERELL, J.
Appellant seeks review of the denial of his motion for postconviction relief filed *812 pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Appellant was convicted of robbery with a weapon and resisting an officer without violence and was sentenced to 30 years in prison as a prison releasee reoffender. Appellant’s judgment and sentence were per curiam affirmed on direct appeal. Kelley v. State, 17 So.3d 293 (Fla. 1st DCA 2009) (table).
In January 2010, Appellant timely filed a rule 3.850 motion raising eleven claims of ineffective assistance of counsel and a claim of cumulative error. In October 2010, the trial court summarily denied eight of the claims, including claims 1 and 9. In September 2011, after an evidentiary hearing, the trial court denied the remaining claims. We granted Appellant a belated appeal. Kelley v. State, 82 So.3d 185 (Fla. 1st DCA 2012).
On appeal, Appellant challenges only the denial of claims 1, 7, and 9.[1] We affirm the denial of claims 7 and 9 without comment, and we affirm the denial of claim 1 for the reasons that follow.
In claim 1, Appellant alleged that his trial counsel was ineffective for not striking jurors Fowler and Sewell for cause. As he did below, Appellant contends on appeal that competent counsel would have struck those jurors as biased because they indicated during jury selection that they would give more weight to the testimony of law enforcement officers whom they knew than to the testimony of strangers. The State responds that the performance of Appellant’s trial counsel was not deficient because the transcript of jury selection shows that jurors Fowler and Sewell were not actually biased, and even if counsel’s performance was deficient, Appellant is precluded from raising this postconviction claim because he affirmatively accepted the jury.
The jury selection transcript reflects that jurors Fowler and Sewell knew several of the law enforcement officers who were expected to testify at trial. In response to the prosecutor’s questions, jurors Fowler and Sewell each stated that they could be fair and impartial in weighing these witnesses’ testimony. Later, however, in response to defense counsel’s questions, Fowler testified that she would probably give these witnesses the benefit of the doubt more so than a typical witness because she knew them. Likewise, Sewell acknowledged in response to defense counsel’s questions, that she would be more apt to believe the officer witnesses over someone whom she did not know. The prosecutor did not undertake any further examination of jurors Fowler and Sewell after their responses to these questions.
Appellant’s trial counsel struck four other prospective jurors for cause who, like jurors Fowler and Sewell, testified that they would give the benefit of the doubt to the law enforcement officer witnesses whom they knew. Counsel did not move to strike jurors Fowler and Sewell for cause, nor did he use a peremptory strike on these jurors.[2] As a result, jurors Fowler and Sewell served on the jury that convicted Appellant.
A rule 3.850 motion cannot be used to go behind representations the defendant *813 made to the trial court, and the court may summarily deny post-conviction claims that are refuted by such representations. See Stano v. State, 520 So.2d 278, 279 (Fla.1988). Although this rule is most frequently applied in the context of sworn representations made by the defendant during a plea colloquy, it has also been applied to unsworn representations made by the defendant during the course of the trial. See, e.g., McIndoo v. State, 98 So.3d 640, 641 (Fla. 4th DCA 2012) (holding that a defendant’s statement at trial that he was satisfied with his attorney and that he freely and independently determined not to call any witnesses refuted his claim that his trial counsel was ineffective for failing to call a known witness).
Here, the record reflects that after the jurors had been selected, the trial court asked Appellant whether he agreed with the jury, and Appellant responded that he did.[3] Appellant cannot use the postconviction process to go behind this representation. Accordingly, the summary denial of claim 1 was appropriate.
The Second District considered a similar situation in Solorzano v. State, 25 So.3d 19 (Fla. 2d DCA 2009). There, the defendant claimed that his trial counsel was ineffective for not questioning a prospective juror at all during jury selection. Id. at 23. The trial court summarily denied the claim, finding that the defendant failed to establish how the juror was incompetent to serve or inherently biased against him. Id. The Second District reversed the summary denial because the claim was not refuted by the record. Id. at 24. The court noted, however, that the defendant’s claim might be refuted by the record “if the defendant personally and affirmatively accepted the jury prior to its being sworn, thus affirmatively representing to the court that the jury composition and selection process were acceptable.” Id. (citing Muhammad v. State, 782 So.2d 343, 353 (Fla.2001)). This is precisely what occurred below.
Appellant argues that Solorzano is distinguishable because the alleged deficiency in that case was counsel’s failure to meaningfully examíne a prospective juror rather than, as here, allowing a juror who expressed a bias to sit. This distinction, however, provides further support for af-firmance here because if the defendant’s acceptance of the jury in Solorzano despite not knowing what the prospective juror might have said had he been examined refutes a claim that counsel was ineffective, it logically follows that Appellant’s acceptance of the jury despite hearing the testimony of jurors Fowler and Sewell regarding their potential biases serves as a bar to any claim that counsel was ineffective for allowing those jurors to serve.
The Florida Supreme Court held in Carratelli v. State, 961 So.2d at 317-18, 325 (Fla.2007), that the standard to obtain relief on a postconviction claim such as that raised by Appellant is more stringent than the standard that applies when such a claim is raised on direct appeal. Thus, it follows that a defendant who, like Appellant, personally affirms his acceptance of the jury panel will not be heard to complain in a postconviction motion that his counsel was ineffective for allowing a biased juror to serve on his jury. Otherwise, the defendant would have a “trump card” to use in postconviction proceedings that is not available on direct appeal. See *814 generally Joiner v. State, 618 So.2d 174, 176 n. 2 (Fla.1993) (observing that, absent the requirement that alleged errors during jury selection must be renewed prior to the jury being sworn, the defendant “could proceed to trial before a jury, he unquali-fiedly accepted, knowing that in the event of an unfavorable verdict, he would hold a trump card entitling him to a new trial.”)
*813 ANGUS NICKLETON KELLEY: Yes, sir.
*814 In sum, Appellant was fully aware of the alleged bias of jurors Fowler and Sewell when he informed the trial court that he agreed with the jury selected by his trial counsel. Accordingly, even if his counsel was ineffective for not attempting to strike the jurors for cause, Appellant cannot go behind his representation to the trial court that he was satisfied with the jury by alleging that his counsel was ineffective in jury selection. For these reasons, we affirm the trial court’s denial of claim 1 in Appellant’s motion for postconviction relief. We affirm the denial of the remainder of the motion without further comment.
AFFIRMED.
ROBERTS and MARSTILLER, JJ., concur.

. Appellant is deemed to have abandoned the other claims in his motion by not raising any issue in his brief regarding the denial of those claims. See Watson v. State, 975 So.2d 572, 573 (Fla. 1st DCA 2008); see also Prince v. State, 40 So.3d 11 (Fla. 4th DCA 2010); Austin v. State, 968 So.2d 1049 (Fla. 5th DCA 2007).

. Because no evidentiary hearing was held on claim 1, we do not know why counsel did not strike jurors Fowler and Sewell. We note, however, that during the evidentiary hearing on Appellant's other claims, counsel testified that Appellant was an active participant in jury selection, discussing which jurors should serve and which should be stricken.

. The transcript of jury selection includes the following colloquy:
THE COURT: Mr. Kelley, the jury that you have selected is Mr. Drummond, Ms. Peacock, Mr. Ballard, on the front row. Ms. Fowler and Ms. Sewell on the second row. Ms. Wallace on the back row, and Mr. Utley is the alternate. Do you agree with that jury, Mr. Kelley?