EMAS, J.
Jose and Migdalia Quinones (“Appellants”) appeal a final judgment of foreclosure and an order denying their motion to intervene. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.
Southeastern Investment Group Corporation brought a foreclosure action against Orestes Gonzalez and Ibis Hernandez. Appellants were not named in the action but, claiming they had a first mortgage on the same property, filed a motion seeking to intervene in the action.
On October 2, 2013, the trial court denied Appellants’ motion to intervene. Appellants did not immediately appeal that order, instead waiting until rendition of the agreed final judgment of foreclosure (which did not name or reference Appellants), on February 19, 2014, to appeal both the final judgment and the order denying their motion to intervene.
As to the foreclosure final judgment, because Appellants were non-parties in the action and were not included in the final judgment, they are considered legal strangers to the action and, as such, have no standing to appeal that final judgment. See Portfolio Inv. Corp. v. Deutsche Bank Nat’l Trust Co., 81 So.3d 534 (Fla. 3d DCA 2012) and eases cited therein.
With regard to the order denying Appellants’ motion to intervene, because the order constituted a final determination of the *550 proceedings as to Appellants[1], they were required to seek direct review of the order by filing a notice of appeal within thirty days of its rendition. Fla. R.App. P. 9.030(b)(1)(A) and 9.110(b). Instead, they waited until rendition of the final judgment of foreclosure before filing their notice of appeal of the order denying the motion to intervene. Given that Appellants have no standing to seek review of the final judgment of foreclosure, the failure to timely file a notice of appeal of the order denying intervention constitutes an irremediable jurisdictional defect. State ex rel. Cantera v. Dist. Court of Appeal, Third Dist, 555 So.2d 360 (Fla.1990); Scott v. Darling, 118 So.3d 268 (Fla. 3d DCA 2013); Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982).
Appeal dismissed.

. See Superior Fence & Rail of N. Fla. v. Lucas, 35 So.3d 104 (Fla. 5th DCA 2010); In re S.N.W., 912 So.2d 368 (Fla. 2d DCA 2005); Y.H. v. F.L.H., 784 So.2d 565 (Fla. 1st DCA 2001); City of Dania v. Broward Cnty., 658 So.2d 163 (Fla. 4th DCA 1995).