PER CURIAM.
Eddie C. Davis, Jr., appeals the circuit court’s order, entered March 4, 2014, summarily denying his motion for postconviction relief.[1] Appellant entered a plea of guilty on November 8, 2010 and moved to withdraw the plea prior to sentencing. Fla. R. Crim. P. 3.170(f). The trial court conducted an evidentiary hearing on the motion to withdraw, found that the plea was entered knowingly and voluntarily, and by order entered February 24, 2011, denied the motion to withdraw the plea. Based on the plea of guilty, the trial court entered the judgment and sentence on April 1, 2011 and the judgment and sentence were affirmed on direct appeal. Davis v. State, 71 So.3d 119 (Fla. 1st DCA 2011). On September 19, 2012, Appellant filed the motion for postconviction relief leading to the order now on appeal.[2]
The order on appeal was entered without an evidentiary hearing because the circuit court determined that each of the issues were either legally insufficient or that portions of the record attached as exhibits conclusively showed that Appellant was entitled to no relief. Fla. R. Crim. P. 3.850(f)(5). The circuit court addressed each of Appellant’s thirteen grounds for relief and explained in its order why each ground was either legally insufficient, with citations to legal authority, or how each ground was refuted by the record, with attached exhibits to support the court’s conclusions. On appeal, Mr. Davis asserts nine issues, each of which he previously raised at the trial level and each of which were addressed in the circuit court’s final order.
“To uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.” Peede v. State, 748 So.2d 253, 257 (Fla.1999); see also Fla. R. App. P. *401 9.141(b)(2); Nordelo v. State, 93 So.Bd 178, 182 (Fla.2012).
Mr. Davis does not argue on appeal that the circuit court erred in any of its findings or conclusions on his asserted grounds for postconviction relief. He does not challenge the legal authorities relied on by the court, nor does he dispute the sufficiency of the portions of the record attached to the order to conclusively show that he is entitled to no relief on the respective grounds. Instead, he re-asserts nine of the grounds he raised at the trial level and repeats the arguments he made in the circuit court.
As stated in Steele v. Florida Unemployment Appeals Commission, 596 So.2d 1190, 1191 (Fla. 1st DCA 1992):
The appellate court is a court of review, not simply another forum to which the dissatisfied litigant may submit his or her list of grievances in hopes of a more favorable outcome. For the most part, the appellate court is concerned with questions pertaining to whether or not the proceedings below were carried out in accordance with the law. It is generally not a question of whether the appellate court agrees or disagrees with the result reached in a particular ease; but whether that result was reached in a fair manner and was within the jurisdiction and authority of the court or agency whose decision is being appealed.
Rule 9.141(b)(2)(d), Florida Rules of Appellate Procedure, requires reversal of an order denying postconviction relief without an evidentiary hearing if the order fails to comply with the applicable subsection of rule' 3.850(f) — in this case rule 3.850(f)(5), requiring the postconviction court’s determination that the grounds asserted can be conclusively resolved either as a matter of law (with citations) or by reliance on records of the case (with attached copies). However, once these thresholds are met by the order on appeal, this Court’s review function is the same as for other appeals. Accordingly, “[t]rial court rulings, like judgments and sentences, are generally presumed correct. These bedrock legal principles should not change when a pro se litigant appeals the denial of a postconviction motion.” Prince v. State, 40 So.3d 11, 12 (Fla. 4th DCA 2010). Rule 9.141(b)(2) does not require briefs for appeals of summary denials of postconviction relief under rule 3.850. But we agree with the Fourth District Court of Appeal that “[w]hen the pro se appellant opts to file a brief, we believe that, as in all appeals, the burden rests on the appellant to demonstrate reversible error. An appellant who presents no argument as to why a trial court’s ruling is incorrect on an issue has abandoned the issue — essentially conceded that denial was correct.” Prince, 40 So.3d at 13.
The order on appeal is thoroughly detailed and supports each of the circuit court’s determinations with either legal authority showing that the ground for relief is proeedurally barred or legally meritless, or with specifically referenced portions of the record — attached as exhibits A through Q — which contradict Mr. Davis’ allegations of fact regarding his plea and the effectiveness of defense counsel’s assistance. Mr. Davis’ rearrangement of several of the same arguments he presented at the trial level, with no reference to any error or insufficiency in the circuit court’s order, fails to establish any error on appeal.
The order on appeal is therefore AFFIRMED.
PADOVANO, THOMAS, and CLARK, JJ., concur.

. This appeal is Appellant's sixth action in this Court stemming from State v. Davis, No.2009 CF 016440 (4th Jud. Cir., Duval Cnty.). See Davis v. State, No. 1D11— 1819 (Fla. 1st DCA 2011) (dismissed); Davis v. State, No. 1D11-2043 (Fla. 1st DCA 2011) (voluntarily dismissed); Davis v. State, 71 So.3d 119 (Fla. 1st DCA 2011); Davis v. State, No. 1D13-5262 (Fla. 1st DCA 2014) (dismissed); Davis v. State, No. 1D13-5991 (Fla. 1st DCA 2014) (denying mandamus).

. Appellant subsequently filed three additional petitions or motions, eventually construed by the circuit court as postconviction motions. The circuit court did not explicitly deem these subsequent filings successive motions under rule 3.850(h), Florida Rules of Criminal Procedure, but disposed of them in a single order entered March 6, 2014, two days after the order on appeal in this case. The direct appeal of the March 6, 2014 order is pending in this Court as case number ID 14-2364.