CONNER, J.
Leslie Townsend appeals an order summarily denying his rule 3.850 motion. Townsend’s motion and amended motions raised several claims. We reverse and remand as to two grounds, and otherwise affirm.
One ground concerns Townsend’s claim that counsel rendered ineffective assistance when he failed to secure a medical expert to refute the state’s evidence of sexual contact. The other ground is that counsel was ineffective for stipulating that Townsend met the sexual predator designation criteria.
Townsend was convicted of lewd and lascivious battery, simple battery, false imprisonment, and procuring a person under the age of eighteen for prostitution. According to the fourteen year old victim, Townsend overheard her telephone conversation, wherein she said she had no place to go. The victim, who had recently moved to Florida from Oklahoma, had left her mother’s Broward County home and was at a bus terminal. Townsend offered her a place to stay if she helped him sell drugs.
*718 The victim reported that once she was staying at Townsend’s residence, he and two other men engaged in multiple acts of sexual activity with her. When she protested, Townsend threatened her by mentioning that he had guns in the home. According to the victim, Townsend was being paid by the other men for her sexual services.
On the third day, the victim removed a knife from Townsend’s kitchen and crawled to a neighboring apartment. The neighbor arranged for the victim’s return to her mother’s home.
A couple of days later, the victim was examined at the sexual assault treatment center. The examination did not conclusively confirm the sexual activity. The nurse observed lacerations in the victim’s rectal area that were consistent with penetration, but acknowledged that they could not be dated, and that any fresh injury was not necessarily attributable to sexual contact. She also testified that there was no damage to the victim’s hymen. The nurse explained that whether damage existed was dependent on the victim’s previous level of sexual activity. The victim reported that she was sexually active with her boyfriend back in Oklahoma.
Townsend’s defense was that the victim was neither credible nor naive, that she made up the charges, and that he simply offered her a place to live. To further his defense, Townsend pointed to the lack of physical evidence offered by the state, including its failure to obtain DNA evidence from the victim’s clothing or as a result of the nurse’s physical exam. He also suggested that the victim had other opportunities to leave Townsend and his apartment, such as when they took a bus trip to the “Swap Shop,” and that at all times slie had her cell phone.
Within ground two of his amended motion, Townsend alleges that counsel should have called an expert at trial to counter the nurse’s testimony. Townsend identifies the expert with whom he had asked counsel to consult. Specifically, the expert would have testified that there would have been physical injury to the victim if there were multiple penetrations over the days as she reported,
This claim is legally sufficient and warrants further review. See State v. Lucas, 183 So.3d 1027 (Fla.2016) (concluding that when claiming that counsel failed to call an expert, movant was not required to name the witness and allege that witness would have been available to testify). The record before this Court does not refute the claim. Compare McIndoo v. State, 98 So.3d 640, 641 (Fla. 4th DCA 2012), and Terrell v. State, 9 So.3d 1284, 1289 (Fla. 4th DCA 2009), with Law v. State, 847 So.2d 599, 600 (Fla.2003). In Mclndoo and Terrell, the defendants assured the court during their trials that there were no witnesses who they wanted to present. See McIndoo, 98 So.3d at 641-42; Terrell, 9 So.3d at 1289. Townsend and the court did not engage in a comparable colloquy. Law, 847 So.2d at 600-01.
In ground seven, Townsend argues that counsel was ineffective when stipulating that Townsend qualified as a sexual predator. We reject the state’s position that this claim is untimely. Townsend raised this issue in his first motion before it was stricken and a series of amendments followed.
In sum, we conclude that the two grounds were sufficiently pleaded and reverse the summary denial for the trial court to either attach records conclusively refuting Townsend’s claims, or in the alternative, to. hold an evidentiary hearing. We affirm the summary denial of Townsend’s remaining grounds without further discussion.

*719
Affirmed in part, reversed in part and remanded.

LEVINE and KLINGENSMITH, JJ., concur.