IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUDITH K. STEPHENS,

       Appellant,

v.                                     Case No.  5D16-1631

MICHAEL L. WHITTAKER,

       Appellee.

_____/

Opinion filed April 28, 2017

Appeal from the Circuit Court
for Seminole County,
Melanie Chase, Judge.

Lora S. Scott, of The Law Office of
Lora S. Scott, LLC, Orlando, for Appellant.

Sandra K. Ambrose, of Sandra K. Ambrose,
P.A., Lake Mary, for Appellee.


PER CURIAM.

Judith K. Stephens ("Former Wife") appeals the final judgment dissolving her marriage to Michael L. Whittaker ("Former Husband") following a bench trial.  Former Wife raises four errors on appeal.  First, Former Wife asserts that the trial court erred in failing to make specific findings of fact relating to the equitable distribution of the marital home.  Second, she asserts that the trial court erred in its distribution of the marital credit card debt.  Third, she argues that the court improperly denied her claim for alimony without

making the requisite findings of fact pursuant to section 61.08, Florida Statutes (2015). Finally, Former Wife claims that the court erred in denying her request for an award of attorney's fees without making specific factual findings under section 61.16, Florida Statutes (2015), regarding the parties' respective need and ability to pay. We affirm.

Pursuant to section 61.075(3), Florida Statutes (2015), a trial court is required to identify the marital assets and marital liabilities, including the valuation of significant assets, the designation of which spouse shall be entitled to each asset, and which spouse shall be responsible for each liability. We review the court's valuation and distribution of marital assets for an abuse of discretion. *Coleman v. Bland*, 187 So. 3d 298, 299 (Fla. 5th DCA 2016) (quoting *Bardowell v. Bardowell*, 975 So. 2d 628, 629 (Fla. 4th DCA 2008)).

In this case, the trial court identified the parties' home as a marital asset and found that Former Husband's expert valued the home shortly before trial at $274,000. Moreover, from our review of the record, the court used this value when it found that the parties' equity in the home was $154,000. The court thereafter distributed one-half of this equity ($77,000) to each party, subject to Former Husband's entitlement to receive certain credits against Former Wife's interest in the home for his payment of her portion of the property taxes, insurance, homeowner's association fees, repairs, maintenance costs, and other fees associated with the home. While we agree that it would have been preferable for the court to have explicitly found in the final judgment that the value of the marital home was $274,000, we find no abuse of discretion in the court's distribution of the marital home and the determination of credits.

As to the distribution of the credit card debt, Former Wife makes the vague and conclusory assertion that the trial court erred in ruling that each party is to be responsible "for their own credit cards," but she fails to make any argument to support her assertion. Although the various credit cards were in the parties' respective individual names, neither party disputes the court's classification of the credit card debt as a marital debt. We note that the trial court did err in failing to place a value on this marital liability in its final judgment, thereby failing to demonstrate that its distribution of the marital property was, in fact, equitable. *See Serbousek v. Lucas*, 191 So. 3d 539, 541-42 (Fla. 5th DCA 2016) (remanding for valuation of marital credit card debt to facilitate appellate review as to whether marital assets and liabilities were distributed equally). However, because Former Wife did not raise this error in her initial brief, we find that she has abandoned the issue. *See Davis v. State*, 153 So. 3d 399, 400 (Fla. 1st DCA 2014) ("An appellant who presents no argument as to why a trial court's ruling is incorrect on an issue has abandoned the issue . . . ." (quoting *Prince v. State*, 40 So. 3d 11, 13 (Fla. 4th DCA 2010))). Because the vague and conclusory assertion raised by Former Wife regarding the court's distribution of the credit card liability is legally insufficient, we affirm on this issue without further discussion.

Finally, on Former Wife's argument that the trial court erred in failing to award to her alimony and attorney's fees and not making statutorily mandated factual findings, the court instead found that the parties agreed that, due to their respective incomes and financial circumstances, there was "no need and no ability for ongoing alimony payments," and they further agreed that neither party was entitled to an award of attorney's fees from the other. Based upon our review of the record and Former Wife's

initial brief, we conclude that Former Wife has failed to establish error in either of these findings and has otherwise waived, abandoned, or failed to preserve for review her claims for retroactive or permanent alimony and attorney's fees.

AFFIRMED.

PALMER, ORFINGER, and LAMBERT, JJ., concur.

4