FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-3816

_____

ERIC LYNN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

October 1, 2019

PER CURIAM.

    Eric Lynn appeals an order denying his motion for postconviction relief following an evidentiary hearing. We affirm.

    Lynn was convicted by a jury of four counts of second-degree murder, one count of possession of a firearm by a convicted felon, and one count of tampering with a witness. He was sentenced to thirty years' imprisonment, followed by fifteen years' probation. After his counsel filed an *Anders** appeal, this Court affirmed his convictions and sentences per curiam without a written opinion. *Lynn v. State*, 134 So. 3d 456 (Fla. 1st DCA 2014).

_____

* *Anders v. California*, 386 U.S. 738 (1967).

Lynn timely moved for postconviction relief, raising twelve claims of ineffective assistance of counsel and one claim of cumulative error. After an evidentiary hearing, the trial court denied the motion in its entirety. This appeal follows.

*Preservation*

Although Lynn raised thirteen issues in his motion for postconviction relief, he appeals only the denial of claims two, five, six, nine, ten, and thirteen. Lynn thus waived the remaining claims by failing to present arguments on those claims in his initial brief. *Prince v. State*, 40 So. 3d 11, 12 (Fla. 4th DCA 2010). So we affirm the denial of claims one, three, four, seven, eight, eleven, and twelve without further discussion.

*Analysis*

We review de novo an order denying a motion for postconviction relief after an evidentiary hearing. *Corbett v. State*, 267 So. 3d 1051, 1055 (Fla. 1st DCA 2019). To prevail on a claim of ineffective assistance of counsel, the appellant must show that counsel's performance was outside the wide range of reasonable professional assistance and that such conduct in fact prejudiced the outcome of the proceedings because without the conduct, there is a reasonable probability that the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984); *Spencer v. State*, 842 So. 2d 52, 61 (Fla. 2003).

*Claim Two*

Lynn asserts that defense counsel was ineffective for failing to object to the trial court's instruction to the jury that transcripts would not be provided during its deliberations. Lynn contends that the jury would have understood the court's answer to mean that any read-back of the testimony would be prohibited. He argues that it was per se reversible error to instruct a jury that it cannot have testimony read back. But Lynn's argument misrepresents what occurred at trial.

At the end of closing argument, the trial court asked the jurors to confer amongst themselves and decide whether they wanted to start deliberations that night or wait until the following morning. Before deciding, the jury asked if transcripts would be available in the morning. The court answered the question in the negative. The jury chose to begin deliberations the following morning.

The trial court's response to the jury was correct. Transcripts are not permitted in the jury room. *Hazuri v. State*, 91 So. 3d 836, 841 (Fla. 2012). If a jury asks for transcripts during deliberations, the court must deny the request and inform the jury of the possibility of a read-back. Here, such an instruction would have been premature because the jury had not started its deliberations. It was merely weighing the pros and cons of continuing that night or returning in the morning. The jury never asked for transcripts or read-backs during its actual deliberations. Because Lynn failed to demonstrate that counsel had a legally sound objection to the court's response to the jury's question, this claim lacks merit. *Lukehart v. State*, 70 So. 3d 503, 513 (Fla. 2011) ("Counsel cannot be deemed ineffective for failing to pursue a meritless claim.").

*Claim Five*

Lynn next asserts that counsel was ineffective for failing to suppress out-of-court identifications obtained by the police after all four alleged victims were shown a single booking photograph of Lynn. He argues that this type of identification procedure created a substantial risk of misidentification.

Lynn is correct that the use of a single photograph is an impermissibly suggestive identification procedure. *Gillis v. State*, 930 So. 2d 802, 804 (Fla. 3d DCA 2006). Even so, the identification need not be suppressed when the witness's familiarity with the defendant provides an independent basis for identification because there is no substantial likelihood of irreparable misidentification. *Fitzpatrick v. State*, 900 So. 2d 495, 518 (Fla. 2005) (finding that, while the use of a single photograph for identification was unduly suggestive, the witness had ample opportunity to observe the defendant closely, which served as an independent basis for identification, uninfluenced by the suggestive procedure); *Washington v. State*, 653 So. 2d 362, 365 (Fla. 1994) (finding that,

while the use of a single photograph to obtain an identification was unduly suggestive, the witness's familiarity with the defendant provided an independent basis for identification, uninfluenced by the suggestive procedure).

The trial court properly determined that counsel had no basis to challenge Lynn's identification because the witnesses had an independent basis for their identification—they had previously purchased drugs from Lynn. In fact, Lynn's defense was that the victims owed him money for drugs and that they were accusing him of committing this crime to avoid paying their debt. Because Lynn cannot establish that there was a reasonable probability that a motion to suppress would have been granted, the trial court properly denied this claim. *Spencer*, 842 So. 2d at 61.

## Claim Six

Lynn argues that counsel was ineffective for failing to object to the prosecutor implying during closing arguments that Lynn confessed to the crime. He points to the portion of closing argument where the prosecutor stated that Lynn "came to the house a couple of days later and said, I'm sorry, I'm sorry I shot your car." Lynn contends that no evidence at trial supported this statement.

This claim is conclusively refuted by the record. Two witnesses testified that Lynn came to their home after the shooting to explain that the shooting did not go as he planned. The witnesses testified that Lynn said that he did not mean to shoot their car and he offered to pay for the repairs. Because the prosecutor's argument was a fair comment on the evidence, defense counsel had no grounds for an objection. *Spann v. State*, 985 So. 2d 1059, 1068 (Fla. 2008) ("Because the prosecutor was making a fair comment on the evidence presented at trial, counsel cannot be deemed ineffective for failing to object.").

## Claim Nine

Next, Lynn argues that counsel was ineffective for failing to call an expert witness to testify about how crack cocaine may affect a user's perceptions. He asserted that the only witness who testified that he had a gun that night had been using crack cocaine

4

before the shooting. The trial court properly denied this claim for three reasons. First, there was no testimony that the witness consumed crack cocaine before the shooting. Second, defense counsel testified at the evidentiary hearing that Lynn never asked her to retain such an expert and that she did not believe that his family would have been able to pay for an expert. Third, Lynn stated on the record that his counsel had called all the witnesses he wanted to call. Lynn cannot now go behind his sworn statements. *Kelley v. State*, 109 So. 3d 811, 813 (Fla. 1st DCA 2013).

## *Claim Ten*

Lynn then argues that counsel was ineffective for failing to call an expert to testify that, based on the trajectory of the bullets, someone of Lynn's height could not have been the shooter. The trial court properly denied this claim because Lynn never asked counsel to call this expert, his family could not afford to hire an expert, and he stated on the record that he wanted no other witnesses called.

## *Claim Thirteen*

Finally, Lynn argues that the cumulative effect of counsel's combined errors deprived him of a fair trial and due process. Because none of Lynn's claims of ineffectiveness had merit, the court properly denied his claim of cumulative error. *Schoenwetter v. State*, 46 So. 3d 535, 562 (Fla. 2010) (holding a claim of cumulative error is properly denied when each individual claim is meritless).

Finding no error by the trial court, we affirm the order denying Lynn's motion for postconviction relief.

AFFIRMED.

B.L. THOMAS, ROWE, and KELSEY, JJ., concur.

5

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Valarie Linnen, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.