# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-3296
LT Case Nos. 2019-CF-2037
2020-CF-0313
2020-CF-0314
2020-CF-0315
2020-CF-0316

———————————————

CHERI L. HASTINGS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

3.850 Appeal from the Circuit Court for Hernando County,
Daniel B. Merritt, Jr., Judge.

Cheri L. Hastings, Ocala, pro se.

Ashley Moody, Attorney General, Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General, Daytona Beach, for
Appellee.

June 7, 2024

PER CURIAM.

Appellant challenges the summary denial of her motion for
postconviction relief. We affirm.

Appellant pleaded no contest to twenty offenses in five cases. The trial court sentenced her to ten years in prison, just above her scoresheet minimum of 9.675 years. This court affirmed. *Hastings v. State*, 356 So. 3d 249 (Fla. 5th DCA 2023) (Table). Appellant moved for postconviction relief under Florida Rule of Criminal Procedure 3.850, alleging four grounds for relief. In each, she claimed that her defense counsel was ineffective. The trial court summarily denied the motion. We review that denial de novo. *See Harrell v. State*, 338 So. 3d 415, 418 (Fla. 5th DCA 2022).

We affirm the denial of Ground One without further discussion because in her brief, Appellant merely restated the argument from her motion without explaining what specific error the trial court made in denying relief. *See Davis v. State*, 153 So. 3d 399, 401 (Fla. 1st DCA 2014) (affirming the denial of postconviction relief because the appellant "re-assert[ed] nine of the grounds he raised at the trial level and repeat[ed] the arguments he made in the circuit court" without referencing "any error or insufficiency in the circuit court's order"); *Prince v. State*, 40 So. 3d 11, 13 (Fla. 4th DCA 2010) ("When the pro se [postconviction] appellant opts to file a brief, we believe that, as in all appeals, the burden rests on the appellant to demonstrate reversible error. An appellant who presents no argument as to why a trial court's ruling is incorrect on an issue has abandoned the issue—essentially conceding that denial was correct."). Similarly, we affirm the denial of Ground Four because Appellant did not address it at all in her brief. *See Ward v. State*, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009) (holding that issues not addressed in a postconviction appellant's brief are abandoned).

Turning to the merits of Grounds Two and Three, Appellant's "burden was to show that, but for counsel's errors, there is a reasonable probability that [she] would not have pleaded . . . no contest and would have insisted on going to trial." *See Davis v. State*, 373 So. 3d 372, 374 (Fla. 5th DCA 2023). Summary denial is appropriate if Appellant's claims were "conclusively resolved as a matter of law or by reliance upon the records in the case." *See Harrell*, 338 So. 3d at 418.

In Ground Two, Appellant claimed her plea was "unlawfully induced" because counsel did not disclose her maximum possible

sentence. In her signed plea form, Appellant declared that she understood "the maximum sentence of each charge" as set forth on the form, which ranged from one year to thirty years in prison. She also declared that "[t]he sentencing scoresheet prepared in my case has been fully explained to me." In turn, the scoresheet, which the parties discussed at Appellant's plea hearing, identified Appellant's total "maximum sentence" as "150 Years." Before accepting Appellant's plea, the court asked Appellant if she read the plea form in full. She confirmed that she did. She also confirmed that she discussed the form with counsel, understood its contents, and signed it voluntarily.

"A rule 3.850 motion cannot be used to go behind representations the defendant made to the trial court, and the court may summarily deny post-conviction claims that are refuted by such representations." *Kelley v. State*, 109 So. 3d 811, 812–13 (Fla. 1st DCA 2013); *see also Henry v. State*, 920 So. 2d 1245, 1246 (Fla. 5th DCA 2006) (observing that postconviction movants "are bound by the statements" they make under oath in plea colloquies). Here, accepting Appellant's claim that she entered her plea without knowing her maximum possible sentence requires discounting her sworn assertions to the trial court, namely that she read, understood, and freely signed her plea form. That form identified the maximum sentence for each of her crimes. Therein, Appellant also confirmed that she received a full explanation of her sentencing scoresheet. That scoresheet tabulated her cumulative sentencing exposure.

As for Ground Three, Appellant alleged that counsel should have told her that she had a viable double jeopardy claim in one of her cases (2020-CF-0314). Appellant is correct that double jeopardy principles bar dual convictions for possessing a drug and possessing that same drug with the *intent to sell* it. *See Paccione v. State*, 698 So. 2d 252 (Fla. 1997). However, double jeopardy is not implicated by dual convictions for possessing a drug and *selling* it. *See State v. McCloud*, 577 So. 2d 939 (Fla. 1991); *see also Paccione*, 698 So. 2d at 254 ("We specifically distinguish this case from *State v. McCloud* . . . in which we held that dual convictions for the sale and possession of the same cocaine did not violate the principles of double jeopardy.").

Here, Appellant sold the substance at issue. As the trial court observed at Appellant's sentencing hearing, cases "2020-CF-313, 2020-CF-314, [and] 2020-CF-315" were "all . . . consecutive confidential informant and controlled *buys* in three consecutive weeks of Methamphetamine." (Emphasis added.) Appellant acknowledged this fact in her motion, writing that "the same methamphetamine was used to convict of the *sale* charge and the possession charge" and that her offenses were "having possession and then *selling* that possession." (Emphasis added.) Therefore, Appellant's double jeopardy claim had no merit, and counsel was not ineffective for failing to bring the matter to her attention. *See Rigterink v. State*, 193 So. 3d 846, 863 (Fla. 2016) ("The failure to raise a meritless claim does not result in deficient performance.").

Appellant has not shown reversible error. Accordingly, we affirm the trial court's denial of postconviction relief.

AFFIRMED.

WALLIS, JAY, and BOATWRIGHT, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---