DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE LUIS OCHOA RAMOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2921

[May 28, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 502020CF007777A.

Jose Luis Ochoa Ramos, Lake City, pro se.

James Uthmeier, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which raised two grounds. We affirm as to ground one, but reverse and remand for an evidentiary hearing on ground two.

The defendant was convicted after trial of five counts of sexual battery on a person less than twelve years of age, and two counts of sexual battery on a child twelve years of age or older but less than eighteen years of age. The trial court sentenced the defendant to life in prison for the first five counts and to concurrent 426-month terms for the other two.

In ground two of his motion, the defendant argued defense counsel failed to obtain an obstetrician-gynecologist (OB/GYN) to testify. During trial, the State offered testimony from a nurse, who explained why examination of the victim six or seven months after the abuse had ended did not reveal injuries to her vagina or anus. The defendant argues an OB/GYN expert would have testified that physical injuries to the victim's vagina or anus likely would have existed given the nature and duration of the alleged assaults.

The trial court summarily rejected the defendant's claim, reasoning that defense counsel thoroughly cross-examined the nurse about the lack of injuries. *See Anderson v. State,* 220 So. 3d 1133, 1146 (Fla. 2017) (holding that often a "cross-examination will be sufficient to expose defects in an expert's presentation" and *Strickland* does not require "an equal and opposite expert from the defense" for every state expert).

While accurate, the trial court's reasoning does not address the defendant's claim that an OB/GYN expert's testimony would have refuted the nurse's testimony. *See Miller v. State*, 328 So. 3d 1027 (Fla. 2d DCA 2021) (remanding for evidentiary hearing on defendant's claim that counsel failed to call a medical expert to testify "that there would have been physical injury to the victim if there were multiple penetrations over the days as she reported"); *see also Townsend v. State*, 201 So. 3d 716, 718 (Fla. 4th DCA 2016). As the defendant points out, the jury requested and received a readback of the nurse's testimony during its deliberations.

We therefore reverse the summary denial of ground two and remand for an evidentiary hearing on that ground only. We affirm the trial court's summary denial of defendant's ground one.

*Affirmed in part; reversed and remanded in part.*

MAY, GERBER and KUNTZ, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***