# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0292
Lower Tribunal No. 2024-DP-000102

_____

In the Interest of A.J.N. and A.M.N., children.

M.N.-P. and D.P.,

Appellants,

v.

DEPARTMENT OF CHILDREN AND FAMILIES and GUARDIAN AD LITEM,

Appellees.

_____

Appeal from the Circuit Court for Collier County.
Elizabeth V. Krier, Judge.

September 8, 2025

PER CURIAM.

The Appellants challenge the trial court's denial of their motion to intervene in this dependency action. We affirm.[1]

---

[1] The Court has jurisdiction over this appeal pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A). *E.g., Quinones v. Se. Grp. Corp.*, 138 So. 3d 549, 549–50 (Fla. 3d DCA 2014); *Superior Fence & Rail of N. Fla. v. Lucas*, 35 So. 3d 104, 105 (Fla. 5th DCA 2010) (en banc); *In re S.N.W.*, 912 So. 2d 368, 369–70 (Fla. 2d DCA 2005); *Y.H. v. F.L.H.*, 784 So. 2d 565, 567–68 (Fla. 1st DCA 2001); *City of Dania v. Broward Cnty.*, 658 So. 2d 163, 164 (Fla. 4th DCA 1995).

The Appellants attempted to intervene in this action pursuant to section 63.082(6), Florida Statutes (2024). The trial court denied their motion because it was not accompanied by a valid consent to adoption or a preliminary home study of the prospective adoptive parents as required by section 63.082(6)(b) and (c), Florida Statutes.

On appeal, Appellants challenge only one of the trial court's reasons for denying their motion to intervene—the lack of a valid consent to adoption. Because Appellants do not challenge the trial court's other, independent reason for denying their motion to intervene, a reason that supports the trial court's ruling, we must affirm. *Davis v. State*, 153 So. 3d 399, 401 (Fla. 1st DCA 2014) ("An appellant who presents no argument as to why a trial court's ruling is incorrect on an issue has abandoned the issue—essentially conceded that denial was correct." (quoting *Prince v. State*, 40 So. 3d 11, 13 (Fla. 4th DCA 2010))).

While our analysis could stop here, we find it prudent to briefly address the sole issue Appellants raised on appeal—the constitutionality of setting a deadline by which a consent to adoption must be executed for it to be valid. Specifically, they challenge the constitutionality of the final sentence of section 63.082(6)(b), which states that "a consent to adoption of a child with an adoption entity or qualified prospective adoptive parents is valid if executed during the pendency of the chapter 39 proceeding up to and including the 30th day after the filing of the petition for

termination of parental rights[.]" The Appellants contend that this provision is facially unconstitutional because it violates a parent's parental and due process rights by only providing them with thirty (30) days from the date the termination of parental rights petition is filed to execute a consent to adoption.[2]

We decline Appellants' invitation to pass on the constitutionality of the challenged provision for two, independent reasons. First, having already concluded that an independent ground for affirmance exists, *i.e.*, the Appellants' failure to submit a preliminary home study with their motion to intervene, we exercise judicial restraint and forgo addressing the constitutional question of whether the time-limit set forth in section 63.082(6)(b) violates a parent's parental and due process rights. *E.g.*, *Mounier v. State*, 178 So. 2d 714, 715 (Fla. 1965) ("It is a fundamental principle that courts will not [pass upon the constitutionality of a statute] where the case before them may be disposed of upon any other ground."). Second, we recognize that constitutional rights are personal in nature and generally may not be asserted vicariously, which is what Appellants attempt to do here.[3] *Sieniarecki v. State*, 756 So. 2d 68, 76 (Fla. 2000); *see generally Planned Parenthood of Sw. & Cent. Fla. v.*

---

[2] The parents of the children involved in the dependency action are not parties to this appeal.

[3] The Appellants did not address standing until their reply brief, which does not identify the rights or interests Appellants stand to lose if they are not permitted to assert the parent's parental and due process rights.

3

*State*, 384 So. 3d 67, 89–91 (Fla. 2024) (Sasso, J., concurring). Finding none of the limited exceptions to this general rule apply here, we conclude Appellants lack standing to bring the constitutional challenge.

AFFIRMED.

STARGEL, NARDELLA and GANNAM, JJ., concur.


Travis Emory Strobach, of Family First Legal Group, Naples, for Appellants.

Meredith K. Hall, Appellate Counsel, of Children's Legal Services, Bradenton, for Appellee, Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Caitlin E. Burke, Senior Attorney, Appellate Division, of Statewide Guardian ad Litem Office, for Appellee, Guardian Ad Litem.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED