# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2551
Lower Tribunal No. 2022-CA-001383

_____

BRAYAN A. SAGASTUME MIRLALDA, CONCRETE HOLDINGS & SERVICES, LLC a/k/a and/or d/b/a C & C CONCRETE PUMPING, C&C CONCRETE PUMPING OF ORLANDO, INC. a/k/a and/or d/b/a C&C CONCRETE PUMPING OF ORLANDO, C & C SERVICES ORLANDO, LLC a/k/a and/or d/b/a C&C CONCRETE PUMPING OF ORLANDO, C & C CONCRETE PUMPING OF TAMPA, LLC, C&C SERVICES GROUP, LLC, and JOSE CANCIO,

Appellants,

v.

STAFFORD A. MITCHELL, JR.,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
Brian S. Sandor, Judge.

October 24, 2025

NARDELLA, J.

Appellants appeal the trial court's orders on cross-motions for summary judgment which found that they are not entitled to worker's compensation immunity as a matter of law. Appellants raise two issues. First, they argue that the trial court erred by finding that they are materialmen and not subcontractors. Second, they

contend that the trial court erred by finding that the evidence in this case does not support application of the borrowed servant doctrine. We affirm.

We do not address Appellants' argument on the first issue. In concluding that Appellants are not subcontractors, the trial court made two findings. The trial court found that Appellants are not subcontractors because they are materialmen. Alternatively, the trial court found that Appellants are not subcontractors because they are laborers. Appellants do not challenge this alternative finding in their initial brief. We are, therefore, compelled to affirm on this issue. *See Willens v. Willens*, 225 So. 3d 1017, 1018 (Fla. 1st DCA 2017) (Winsor, J., concurring) ("When a decision is based on more than one independent ground and the initial brief challenges only one, we must affirm." (citing *State v. J.V.*, 184 So. 3d 662, 662 (Fla. 1st DCA 2016) ("As the order on appeal had two grounds . . ., and as the State's initial brief only challenges the first ground . . ., we are compelled to affirm since reversal can only be premised on arguments made in the initial brief."))); *see also Prince v. State*, 40 So. 3d 11, 13 (Fla. 4th DCA 2010) ("An appellant who presents no argument as to why a trial court's ruling is incorrect on an issue has abandoned the issue—essentially conceding that denial was correct.").

We also affirm the grant of summary judgment in favor of Appellee on the borrowed servant doctrine. "[T]he party alleging a special employee defense has a substantial burden to overcome the presumption of continuing general employment

2

. . . ." *Smith v. Greg's Crane Serv., Inc.*, 576 So. 2d 814, 818 (Fla. 4th DCA 1991).

The criteria for overcoming the presumption of general employment and establishing the existence of an employer-employee relationship for purposes of the borrowed servant doctrine include:

(1) whether a contract for hire, expressed or implied, exists between the employee and the alleged special employer;

(2) whether the work being done at the time of the injury was essentially that of the alleged special employer; and

(3) whether the power to control the details of work being done at the time of the accident resided in the alleged special employer.

*Crawford v. Fla. Steel Corp.*, 478 So. 2d 855, 859 (Fla. 1st DCA 1985); *see also Shelby Mut. Ins. Co. v. Aetna Ins. Co.*, 246 So. 2d 98, 101 (Fla. 1971) ("Florida cases on special employers follow Larson in requiring a contract, express or implied, between the special employer and the employee. Since the contract to be proved is frequently an implied one, factors showing a consensual relationship such as benefit, right of control and payment of compensation, must be considered.").

Appellants assert that there is a genuine dispute of material fact as to each of the above factors. Under the current summary judgment standard, "[a]n issue of fact is 'genuine' only if a reasonable jury could return a verdict for the nonmoving party." *Bensen v. Privilege Underwriters Reciprocal Exch.*, 401 So. 3d 390, 394 (Fla. 6th DCA 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). We conclude that the evidence cited by Appellants does not demonstrate a genuine

3

dispute of fact and is insufficient to overcome the presumption of continuing general employment.

AFFIRMED.

WOZNIAK and BROWNLEE, JJ., concur.


Mihaela Cabulea and Joshua Golembe, of Butler Weihmuller Katz Craig LLP, Tampa for Appellants.

Jeremy K. Markman and Seth L. Smith, of King & Markman, P.A., Orlando, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED