# Third District Court of Appeal

## State of Florida

Opinion filed June 18, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1343
Lower Tribunal No. 23-7137-CC-26

————————————

## Swift Response Restoration, Inc., etc.,
Appellant,

vs.

## Citizens Property Insurance Corporation,
Appellee.

An Appeal from the County Court for Miami-Dade County, Christopher Green, Judge.

Giasi Law, P.A., and Melissa A. Giasi (Tampa), for appellant.

Rothell Law Group, P.A., and Kristi Bergemann Rothell (Greenacres), for appellee.

Before FERNANDEZ, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed. See Doe v. Baptist Primary Care, Inc., 177 So. 3d 669, 673 (Fla. 1st DCA 2015) ("An appellant who presents no argument as to why a trial court's ruling is incorrect on an issue has abandoned the issue." (quoting Davis v. State, 153 So. 3d 399, 400 (Fla. 1st DCA 2014)); Aleman v. Gervas, 314 So. 3d 350, 352 (Fla. 3d DCA 2020) ("To ascertain the intention of the parties to a contact, the trial court must examine the whole instrument, not just particular portions . . . ." (quoting Bucacci v. Boutin, 933 So. 2d 580, 585 (Fla. 3d DCA 2006))); § 627.7152(2)(a)8., Fla. Stat. (2023) (requiring that the assignment agreements "[c]ontain a provision requiring the assignee to indemnify and hold harmless the assignor from all liabilities, damages, losses, and costs, including, but not limited to, attorney fees"); § 627.7152(2)(d), Fla. Stat. (2023) ("An assignment agreement that does not comply with this subsection is invalid and unenforceable."); Total Care Restoration, LLC, v. Citizens Prop. Ins. Corp., 357 So. 3d 1260, 1266 (Fla. 3d DCA 2023) (requiring strict compliance with requirements of section 627.7152, appellate court found that the statute was unambiguous; thus, an assignment agreement that did not comply with the statute was invalid and unenforceable); Indoor Env't Restoration Now, Inc. v. Citizens Prop. Ins. Corp., 388 So. 3d 977, 978 (Fla. 3d DCA 2024) (holding that the assignment

agreement was valid and unenforceable for not complying with the indemnity

and hold harmless requirement of the statute).